**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DORSEY J. REIRDON, )
)
       Plaintiff, )
)
v. ) Case No. CIV-16-113-KEW
)
CIMAREX ENERGY CO., )
)
       Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Original Petition for Failure to State a Claim (Docket Entry #14). Plaintiff initiated this action on March 11, 2016 in the District Court in and for Marshall County, Oklahoma. Defendant removed the case to this Court on April 1, 2016. Key to a determination of the subject Motion is a review of the specific allegations in Plaintiff's Original Petition.

Plaintiff alleges he is a royalty owner in the well designated as the Joe 1-15H and Defendant is the operator of the well. Plaintiff contends Defendant was legally obligated to pay interest on untimely payments to royalty owners, including Plaintiff. Specifically, the Original Petition defines the term "Owner" as "persons with a legal interest in the mineral acreage under a well which entitles such person(s) . . . to payments of O&G Proceeds." (Petition at ¶1). He also alleges that he is an "Owner". (Petition at ¶¶2-3). The Petition further defines "Untimely Payments" as "'proceeds from the sale of oil and gas production or

some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided' by statute", citing to Okla. Stat. tit. 52 § 570.10(D) and Okla. Stat. tit. 52 § 570, *et seq.* (Petition ¶5). Plaintiff alleges that the Production Revenue Standards Act (the "Act") requires the payment of interest on any Untimely Payments made to Owners. (Petition ¶6). Plaintiff contends Defendant "is well aware of its obligations to pay the required interest on Untimely Payments" but "routinely delays payment of production proceeds and denies Owners the interest payments to which they are entitled as part of an overarching scheme to avoid its obligations under Oklahoma law." (Petition ¶7).

After alleging the personal basis for his claims, Plaintiff asserts he brings the action as a representative of a class defined as

> All non-excluded persons or entities who: (1) received Untimely Payments from Defendant (or Defendant's designee) for O&G Proceeds from Oklahoma Wells; and (2) whose payments did not include statutory interest.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) publicly traded oil and gas companies and their affiliates; (3) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the court.
>
> (Petition ¶20).

Plaintiff proceeds through the analysis required for class certification, alleging the facts which he asserts warrants certification. He also sets forth his qualification as a representative of the class. (Petition ¶¶21-27). While a bit redundant, Plaintiff reiterates that he and the putative class members were entitled to oil and gas proceeds from Defendant, payments of the same were untimely, and Defendant failed to pay the statutorily provided interest. (Petition ¶¶28-39).

For his first cause of action, Plaintiff contends Defendant "held O&G Proceeds belonging to Plaintiff and the Class and Defendant failed to timely pay O&G Proceeds owing to Plaintiff and the Class" and "[i]n violation of the Act, when Defendant ultimately made its Untimely Payments to Plaintiff and the Class, Defendant did not pay the interest owing on the Untimely Payments." (Petition ¶¶46-47). Plaintiff concludes on this claim that Defendant's failure to pay the due and owing interest was "knowing and intentional and/or the result of Defendant's gross negligence" which resulted in harm to Plaintiff and the putative class. (Petition ¶¶48-49).

In the second claim, Plaintiff asserts Defendant owned and/or operated numerous oil and gas wells throughout Oklahoma and assumed the duties associated with the operation of the wells, including the duty to pay oil and gas proceeds to Owners in accordance with

3

Oklahoma law. (Petition ¶52). In the course of doing so, Plaintiff alleges Defendant "took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed" – specifically, the interest on Untimely Payments. Plaintiff states Defendant "knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members" and "intended to avoid its obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest." (Petition ¶53). Plaintiff states that he and the putative class "relied on and trusted Defendant to pay them the full O&G Proceeds to which they were entitled under Oklahoma law" and alleges they were damaged as a result. (Petition ¶¶54-55). Plaintiff also asserts a claim for punitive damages under this fraud allegation.

As a separate third claim, Plaintiff seeks equitable relief in the form of an accounting and disgorgement of any benefits derived from Defendant's "improper and unlawful use of Plaintiff's and the Class' interest payments, including interest that has accrued on such interest . . . ." (Petition ¶¶58-62).

Plaintiff also asserts a claim for injunctive relief, requesting that Defendant be precluded from failing to make interest payments on any future Untimely Payments to Plaintiff, the class, "and royalty owners." (Petition ¶¶64-68).

Through the pending Motion, Defendant contends Plaintiff's claims failed to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Defendant also asserts that Plaintiff's negligence claim is not legally cognizable under Oklahoma law against an insurer.

Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as

referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. It is against this backdrop that the sufficiency of Plaintiff's initial filing is evaluated.

Defendant first challenges the sufficiency of Plaintiff's allegations surrounding the claim for breach of a statutory obligation to pay interest, arguing Plaintiff has failed to state a claim. After accurately reciting the requirements for the payment of interest in Okla. Stat. tit. 52 § 570.1, Defendant states Plaintiff fails to identify specific instances of late payment of oil and gas proceeds and non-payment of interest and fails to specify an interest rate. The level of specificity sought

by Defendant is not mandated by the plausibility standard in Twombly/Iqbal and their progeny.  Post-Twombly, the essence of Rule 8 of the Federal Rules of Civil Procedure remains providing a "defendant fair notice of what the . . . claim is and the grounds upon which it rests" and cautioning that "[s]pecific facts are not necessary."  Khalik, 671 F.3d at 1192 quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007).  On the claim for breach of the statutory obligation to pay interest, Plaintiff has alleged payments were made in an untimely manner in accordance with the requirements with the Act and interest was not paid.  These allegations are sufficient to withstand the rubric of Twombly/Iqbal.  The rate of interest is provided by the statute and did not need to be parroted in the Petition to state a claim.  Moreover, this Court concurs with Plaintiff that Defendant sets out the factual and monetary value of Plaintiff's claims in considerable detail in the Notice of Removal in order to establish jurisdiction in this Court.  It does not appear Defendant lacks the knowledge to defend this claim.

Defendant also contends the fraud claim asserted by Plaintiff lacks the specificity required by Fed. R. Civ. P. 9(b) and the plausibility under Rule 8.  To the extent Defendant asserts a plausibility argument against Plaintiff's fraud claim, such an allegation must fail.  Plaintiff clearly sets forth that the claim is based upon the intentional act of withholding and obfuscating

7

the requirement for the payment of interest. Whether Plaintiff can prove such a claim is of no moment to whether it has adequately stated a claim for fraud.

The level of particularity required by Rule 9(b) for fraud claims is necessarily subject to the type of factual claim asserted. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). The Tenth Circuit requires a complaint alleging fraud to set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences of the statements. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000). The purpose of these requirements is to provide the defendant with fair notice of a plaintiff's claims and the factual ground upon which they are based. Id.

At this early stage of the litigation, Plaintiff minimally sets forth the facts surrounding the alleged fraud, given the factual basis for the claims. Plaintiff has alleged Defendant acted with intent in failing to pay interest on Untimely Payments and intentionally suppressed the fact interest was owed upon which Plaintiff relied to his detriment. Given the allegedly uneven positions of the parties with regard to the information upon which

the claim of fraud is based, Plaintiff has plead as particularly as the facts allow.

This Court agrees with Defendant that Plaintiff's claims for equitable relief of an accounting, disgorgement, and injunctive relief are byproducts of the base claims for breach of a statutory duty and fraud.  Separately identifying this relief, however, does not warrant dismissal until the merits of the other claims are determined.  It is certainly premature to ascertain whether the basis for equitable relief is meritorious.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Original Petition for Failure to State a Claim (Docket Entry #14) is hereby **DENIED**.

IT IS SO ORDERED this 16th day of September, 2016.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma